Good morning, Judge Jordan, and may it please the Court, Derek Ho for the appellant, Daniel Hall. The appellee, Mr. Sargent, consumed nearly four months of federal court resources and forced my client, Mr. Hall, to spend tens of thousands of dollars in attorney's fees and costs. Then dissatisfied with the magistrate judge's recommendation of dismissal, Mr. Sargent voluntarily dismissed his case and refiled the same basic claims in Florida State Court. Rule 41-D gives district courts the discretion to award costs under these circumstances for three reasons. One, our position is supported by the better reading of Rule 41-D's text. Two, it harmonizes Rule 41-A and Rule 41-D. And three, it avoids creating a big loophole in Rule 41's core purpose of deterring form shopping. With respect to the text, our position is straightforward. What we call the coverage provision of Rule 41-D has two requirements. One, the plaintiff must have previously dismissed an action in any court. And two, must then file an action based on or including the same claim against the same defendant. Now, let me ask you this on the textual part. Because the beginning sentence of Rule 41-D, when it talks about dismissing an action, it modifies that action by saying in any court. It does, Your Honor. The second time that an action is mentioned, it doesn't say in any court. How does that cut one way or another? Your Honor, I think the best way to understand why that's true is that the words in any court are there for emphasis as opposed to for expanding the definition of action. Let's start with the fact that the word action is not a defined term in the federal rules. It's not as if the federal rules have a definitional section and then define action with a capital A. Action has a straightforward meaning, which means a lawsuit in court. The words in any court are there to emphasize that the previously dismissed action can be an action that was previously dismissed in state court. But the absence of those words in the second section are not meant to connote that the refiled action has to be in federal court. However, the modifier in that second phrase, the thing that's important about the second action is that it be based on the same facts, same claims against the same defendant. So let me ask you this question then. This hypothetical popped up to me yesterday and maybe I've completely missed it. Plaintiff files lawsuit number one in state court. Yes. Right? Dismisses it. Yes. That satisfies the first prong of 41D, right? Correct, Your Honor. Files a second lawsuit. Yes, Your Honor. In state court. Can you go to federal court and get costs? No, but not because of the language of Rule 41D as such, but because the federal rules generally only apply to actions in federal court. And so if neither action is in federal court, then Rule 41D never comes into play. But again, action is not a defined term that's limited to actions in federal court. And it's not sensible to read it that way because it's not disputed that if this were a voluntary dismissal under Rule 41A2, a court would have every right to condition the dismissal of the first case on the payment of fees if another case were refiled, whether or not that case were refiled in federal or state court. And that goes to my second point, which is it's anomalous to say that if this is a Rule 41A1 dismissal, and 41D therefore is what supplies the discretion to award fees, that we can't do it in a federal to state context. And with respect, again, to the purposes, eliminating the applicability of Rule 41D in a federal to state context, such as we have here, creates a giant loophole in the anti-forum chopping purpose of Rule 41. From a policy perspective, I think you've got a good point. How, in a different context, Justice Scalia wrote an opinion for the Supreme Court explaining that once a court dismisses a case pursuant to a settlement, it doesn't have inherent authority to enforce the settlement unless it keeps the case. What makes this scenario different if a district court grants a voluntary dismissal? It keeps and then has jurisdiction how to then grant cost under 41D if your interpretation is correct. I think the answer to that is supplied by the Supreme Court's decision in the Cooter and Gehl case where the court said that a district court retains jurisdiction to decide what are called collateral issues. And among the classic collateral issues that a district court can always retain jurisdiction to decide are the award of attorneys' fees and costs. In that particular case, it was the award of attorneys' fees and costs pursuant to a Rule 11 motion that was filed after, again, the dismissal of the case, and the Supreme Court had no trouble saying that falls squarely within the district court's ancillary jurisdiction. And that's exactly what we think ought to apply here. Yes, of course, the first federal case was voluntarily dismissed, but the district court retains jurisdiction to say if another case is refiled, again, whether in federal court or state court, I can go back and determine whether or not attorneys' fees and costs ought to be awarded. There's also a very good practical reason why the court in the first case ought to have the discretion to award attorneys' fees and costs because it's the first court's time and resources that were wasted, for one, and the first court is much closer to the question of whether it's fair and equitable to... But your argument extends beyond that proposition because if the second court were the federal court, you'd ask that second court to grant costs, too, even if the first action was filed in state court. And in that scenario, the federal court would be the second court, not the first court. That's true. I think that's absolutely right. You get everything. Well, no, you don't get everything, but... Sure, you can get costs anywhere. You say they should be able to get them with the first court, but now you're saying the second court, too. And maybe you're right. Maybe the rule sweeps broadly enough that you can get them from any court, any time, anywhere, no matter the sequencing of the two lawsuits. All I mean to say, Judge Jordan, is that when the federal court is the first court and the second court is the state court, there are still very sound, practical reasons for allowing the first court to be the one to award attorney's fees because in some ways, the first court is the court that was prejudiced by the voluntary dismissal. Judge Reinhart's time was wasted on a motion to dismiss that he had full briefing on, oral argument, a report and recommendation of dismissal. He presided over discovery disputes. There was even a subpoena that was issued by Mr. Sargent in the Southern District of New York that had to be litigated all in this three-month period. And then when Judge Reinhart said, I don't think that the complaint states a claim against Mr. Hall, Mr. Sargent said, I'm just going to pack up my bags and go to state court. So I think Judge Reinhart is in a very good position in that context to say, okay, is that a legitimate use of the voluntary dismissal tool? Or should Mr. Sargent at the very least have to internalize the cost of that? And I want to point out that Mr. Sargent's position rests very heavily on the notion that interpreting the rule this way somehow is in violation of the notion that there's an unconditional right to voluntary dismissal prior to the filing of an answer or motion for summary judgment. But it's not the voluntary dismissal that has the price tag on it. It's the filing of the second complaint. In other words, you can pack your bags and go home, but you can't get a second bite at the apple without at least having the district judge have an opportunity to say, well, these costs ought to be internalized by you because you wasted everybody's time. Can I ask a question? Yes, Judge Kugler. Your time is getting low. I want to address attorney's fees, whether or not if we believe it should be subject and do we need to even address it or is that something we should send back to the district court if we find you're correct? And secondly, it seems like to me that we would have a difficult time staying any case that's in state court based upon this. Where would we get our ability to actually stay a state court proceeding? And I guess third, wouldn't it be more appropriate for the state court under their structure in this particular instance and their rules to decide whether or not they're going to tax costs? They've got, it appears to me, just as much interest. They've got the parties in front of them in the litigation. Shouldn't they be the ones that decide if their rules would require taxing the cost? Let me try to answer those in order, Your Honor. First of all, with respect to the attorney's fees issue, we think, as we've set out in our reply brief, that the issue has not been preserved by Mr. Sargent because he never objected to that aspect of Magistrate Judge Reinhart's report and recommendation. And so under this circuit's Rule 3- Wasn't that just basically dicta because they didn't give attorney's fees because they just sent it back to state court? It wasn't dicta, I don't think, because Judge Reinhart, this was extensively litigated. It didn't amount to anything. You didn't get any attorney's fees, right? He did not get any attorney's fees. There was no reason to object. I'm not sure I agree with that, Your Honor. I think that this issue was joined below and if Mr. Sargent wanted to try to preserve that issue for appeal, he should have objected. I don't think the court needs to reach that issue. As we set out in our brief, it is an issue that has divided the circuit courts. But we also don't know, if you win on the main issue, we don't know whether attorney's fees would be granted. Even if they were recoverable, theoretically, because Rule 41-D is discretionary in nature. Yes, and I think that's a very sound, practical reason for not deciding the issue now, because it could be that when we go back below, Judge Reinhart says, even though now I think I'm authorized to do this, I decline to award any attorney's fees, costs only, or something like that, and so that issue may never arise for the court. With respect to the issue of the stay, the All Writs Act, we think, does arguably allow, under certain circumstances, the stay of a state court proceeding. It's an issue that hasn't really been decided among the courts. We have, I believe, a footnote to this effect in the reply brief. The question would be whether there is an exception under the Anti-Injunction Act, in aid of the court's jurisdiction, and we think that arguably, what is going on is that the district court has ordered the payment of fees and costs, and a party is refusing to comply with that order. A stay of litigation that the party is trying to pursue, in the face of that order, may well fall within an exception to the Anti-Injunction Act. It's got all sorts of federalism issues written all over it. Your Honor, I don't think that, again, this is an issue. How's a federal court going to enforce that order? Is it going to have the federal marshals go over to state court across the street and prevent a state judge from handling the case? Or you handle it through a contempt citation to the so-called offending party? Your Honor, I don't mean to avoid answering your question, but I think, for purposes of this appeal, it's not a question the court needs to grapple with because, even if one were to presume that it would be difficult or maybe even impossible for a federal court to stay a state court litigation, our position is that that does not affect the proper interpretation of the coverage provision of Rule 41D. It may just be that the second part of the remedial provision of Rule 41D will either rarely or ever come into play. But, as we set out in our brief, the fact that there are limitations on some remedies doesn't mean you import all those limitations back into the coverage provision of the rule. And lastly, Judge Kugler, with respect to why the state court should do this, it's possible that some states' rules may have an analog to Rule 41D, but... What about Florida? I'm not actually sure, Your Honor, whether Florida has an analog. Wouldn't that be something that we would need to look at? Because if they've got a provision that says we're going to tax costs before a new case is filed with us that was voluntarily dismissed out of federal court or any other court, wouldn't that be something that would be of interest? Because we could stay back out of this dispute and let the state court handle it. They already have jurisdiction. It may be of interest on the question of whether, as a matter of discretion, a district court should award fees and costs in this circumstance. But I don't think it's of interest in whether or not a district court can ever do that  Thank you, Your Honor. Thank you, Mr. Ho. You've saved your time for rebuttal. How do I pronounce your last name? Kyes. Good morning, Judge Jordan, and thank you. And may it please the Court, Christopher Kyes on behalf of Harry Sargent III. Appellant's proposed construction here contravenes the plain language of Rule 41. It undermines established precedent. It increases the burden on federal courts. It's funny that in a case that I think is textually difficult, both sides say that the statutory language is clear. I do think that's very interesting. I didn't mean to interrupt you. I was just going to conclude my opening sentence  to state and foreign courts and tribunals. And I want to, if I might start on that fourth point, just addressing a question Judge Kugler, you raised about whether Florida has a companion or corollary procedure or Alabama has one or Georgia in this circuit. And I think that that really does demonstrate why this belongs with the second court. And I'll come back to the textual point. But it belongs with the second court because, for example, the state of Alabama does have a corollary. The state of Alabama follows the federal rule and it has a similar rule that has the in any action and then an action filed. And so the second filed action in Alabama, if you were to dismiss in federal court, go to Alabama state court, then that court would have jurisdiction over that issue. And under Alabama's Rules of Procedure, the court would have the ability to determine whether or not as a condition of proceeding forward that those costs from the prior action should be assessed. Florida has a slightly different provision, and maybe it's why we're here. Florida confines its rule wholly to the state court proceeding. So instead of saying a previously dismissed action in any court, it uses the term any court of this state. And so it's slightly different. And I would say that that's as it should be And so to the extent you come before the federal courts, as we did here, you assert federal claims and state claims, and there's a motion to dismiss. The court determines that you don't have any federal claims. I mean, in this case, the record is fairly clear. There was quite a disagreement over the application of Rodriguez to the Computer Fraud and Abuse Act interpretation. So Mr. Sargent, following Rainey v. Allstate, following the precedent of the Eleventh Circuit, determined, well, there's no reason to continue the utilization of federal court resources anymore. We've got a court that is saying, I don't see how you're ever going to plead these federal claims. None of them were dismissed with prejudice. So Mr. Sargent decided to take his wholly state law claims to the only forum available under this court's precedent, state court. Had we stayed in federal court and asserted just the state law claims, then certainly the appellant would be arguing that there's no supplemental jurisdiction citing Rainey v. Allstate. In fact, the appellant cited Rainey v. Allstate in the court below, and the judge acknowledged that as well. So we go to state court, and that is the second filed action, and to the extent that the state court has... Let me interrupt you. Yes, sir. Wouldn't the district judge have been within his or her authority to tax costs right there at the point of dismissal? I would say no, Your Honor, respectfully, because under this court's precedent in Matthews v. Gaither, and the precedent of the 1st, 2nd, 5th, 7th, 8th, and 9th circuits, I believe, of the cases we cited, a 41A1AI dismissal is an unconditional dismissal. The court can't attach the condition at that moment. And so this gets back to the textual question. You could do it under the other subsection. You could, under A2, and that's really the difference. The appellant argues in the briefing that there's no reason to read these differently except they say different things. So under A1, it's unconditional. There's no court order necessary. And this court's precedent in Matthews v. Gaither, and again, the other circuits, say that it is unconditional. You can't attach conditions at that moment. So to your question, Judge Cooper. Once you've filed an answer or moved for summary judgment, the district court authority kicks in and can condition a dismissal based on the payment of at least cost... Or other things. When a second action is filed. Yes, Your Honor. Or other things. There are other things that could be imposed. I mean, and the cases demonstrate that. But that is the real fundamental distinction between an A1 and A2 dismissal that appellant's position completely reads out and asks this court to ignore. Then 41D is really not designed  It's designed as a cost of proceeding forward. So if you get your unconditional right to dismissal, as the court, this 11th Circuit and the other circuits say you do, you can leave for any reason even to choose another forum. The Beechuk case I think we cite. The Fifth Circuit case establishes that as well. That you can choose another forum. However, if you choose to come back to federal court then under 41D, before you can proceed forward you need to address You have the potential to address. The court can ask you to pay the cost of the prior action. And if you don't pay those costs if you don't comply with the order, then the court can stay the proceeding that it has jurisdiction over until you do. So you can't move. And it doesn't create this sort of dueling courts issue that I think the colloquy with the appellant's counsel raised. This whole issue of, well, if you file over in state court, then what happens? I mean, you could still stay the state court proceeding. What if Mr. Sargent had proceeded against Mr. Hall in London in the High Court of Justice? If we had filed an ICC arbitration? If we had filed a AAA arbitration? Or we had filed in Washington State or Arkansas? At what point does the federal jurisdiction have a limit in terms of a stay? Their position completely reads the stay provision out of existence in those contexts. All of the examples that I just gave would qualify under appellant's terminology. It's the same plaintiff. It is an action. It just may be an action in London or Paris or in an arbitration. And it is against the same defendant based on the same claims. And so now you've got the federal court grappling with this issue of, well, how do I stay those proceedings? In addition, there appears no argument under the cases or between the parties that the second court always has the ability to do this. In the scenario where the second filed action is in federal court, what appellant's contract sets up is, well, now you have the second filed action where you could seek fees under or costs under Rule 41. But you also would have the first filed action. So you could pick. You could decide, well, the Southern District of Florida, Mr. Sargent dismissed there and filed in the Southern District of New York. So based on appellant's articulation, both courts really would have the ability then to address the cost issue because you can't really read the rule as dependent on where the second action is filed. It doesn't change. It's either always the first court or always the second court. As far as I could tell, both of the leading treatises on federal civil practice take no position on this issue. Wright and Miller says nothing about it. And Moore's federal practice says nothing either. Is that accurate? That is our understanding as well. And I think it's simply because respectfully, the language is so straightforward. That the way it has to operate is so straightforward because an action has to be mean, to your question earlier, Judge Jordan, about the difference between in any court versus an action. It must mean in the second court. It must mean in federal court. Your question, Judge Jordan, about the Justice Scalia opinion about jurisdiction. Appellant cites these other cases. Cooter and Gell, the PTA case, the Thomas case, the prime insurance case, these inherent authority and retention of jurisdiction cases. But taking Cooter and Gell, for example, that case and all the others, they involve conduct that predates the dismissal. They don't involve the federal court in a prior, a dismissed action, a closed case, reaching out and taking jurisdiction over future conduct that isn't to enforce an order of the court or to address conduct that took place prior to the dismissal. So in Cooter and Gell, yes, you have an unconditional right to dismiss under Rule 41A1, but that doesn't mean that if you have done something prior to that of some kind, an appropriate sanction, that the court lost jurisdiction immediately to deal with that. So you can't evade your conduct in the prior action. However, once you have dismissed, once the case is closed, once it leaves the federal courthouse under Rule 41A1 and there's no retention of jurisdiction, there's no conditions attached, as in the case of 41A2. And under 41A2, the cases that the appellant relies on, those cases are where the court is enforcing an order that was entered prior to the dismissal or as a condition of the dismissal. And so there, of course the court retains inherent authority. Of course the court retains jurisdiction to reach out and address future conduct based on a violation of a prior order. But here what the appellant is asking this court to condone is that there is this sort of unending jurisdiction, this sort of limitless space in which at some point in the future if parties, if a plaintiff who is no longer before the court takes an action in another forum or a foreign tribunal, now the court is allowed to reopen the previously closed case, not for purposes of addressing conduct that took place prior to the dismissal, not for purposes of addressing an order that was entered as part of the dismissal or enforcing an order that was entered during that case, but now it's just this sort of grab of jurisdiction of the parties while they're proceeding in another forum which may itself, as in the case of two of the three states within this court's jurisdiction, Alabama and Georgia, have a corollary rule, a corresponding rule, where that court can address the costs issue. Does the fact that a court, like say for instance Florida, that their rule is different, would that not be an expression of that court's interest in how they've decided to handle a particular issue? Yes, Your Honor, and I think that's exactly the reason that the second filed action must be read here under Rule 41 as being in federal court. And shouldn't we be, or should we not be careful before we go and change their rule in effect by what we do? Yes, Your Honor, and that really goes to my opening point about how appellant's construction would extend the reach of the federal rules into state and foreign tribunals. This is a matter for the states. If a state like Florida wants to tailor its rule to a tax cost only where you've taken the second bite of the apple in the state court system, not where you come from federal to state court, that's a matter of state law and procedure. So would the district court have had jurisdiction to order the state court not to handle the case, not to proceed at all and stay the case, order the state court to stay the case? I would say no, Your Honor. Why not? Well, because there would be no basis for that. What would the federal court be enforcing? Would we have jurisdiction? How would the court, I guess that goes back to my fundamental point about how the court wouldn't have jurisdiction. How does the federal court have jurisdiction? It's a closed case. The parties are no longer before the court. The court is not enforcing an order that it made prior to the dismissal. If this particular district judge was allowed to make the ruling on the motion, motion to dismiss is what was pending, is that correct? Yes, Your Honor. Was it a subject matter jurisdiction issue? It was not. So if the district court wasn't considering whether the case would stay or not in federal court, whether it was properly before federal court, it was deciding whether or not the merits of the case would succeed? Yes, Your Honor. All right. You can go ahead. Again, avoiding this sort of dueling court situation, respecting the lines of jurisdiction, both for the federal system and for the state system. If you come back to federal court the second time, then that is a matter of a legitimate concern for the federal rules and the federal courts. Isn't Mr. Ho right that you should take into account the existence of a state court mechanism in figuring out whether to exercise discretion, but that that sort of inquiry or look can't tell you what the textual answer to the rule is in the first instance? I think that's right. I think the textual answer is and has to be that an action must be an action in federal court because once you start... Right, but I'm saying that whatever the answer to that textual question is, that answer exists whether or not the particular state has a mechanism to solve that problem. Correct. It would apply whether Florida has an identical rule or a softer rule or a harsher rule. Correct. And so in this circuit you would have a scenario under which two of the three states would have this sort of competing jurisdiction over the cost issue. In Georgia and Alabama that have corollary provisions, the second filed action in their courts, that court clearly would have jurisdiction over taxing the costs of the first filed action. But yet if you determine that the federal court in the previously dismissed long closed case also has jurisdiction, now you've got a federal court undertaking this, a state court with the authority to undertake it and a dueling system. And this really creates numerous ancillary proceedings in the federal courts. I mean, why in a closed case where the parties have long since left the courthouse does the court want to get into these issues if a year later or two years later the same plaintiff files another case and now the federal court has to reopen the file and undertake this analysis of whether they're the same claims, whether they're not the same claims. All of this belongs as it should be in the second court. Just like under the federal rules it should be interpreted logically and it's frankly the only way to harmonize it. Thank you very much. Thank you. Thank you Judge Jordan and may it please the court. If the court thinks that the textual issue is difficult then it should look to the structure of the rule and its purposes to decide who has the better interpretation. And on the structure I think it is undisputed by the parties that if we had already filed an answer or moved for summary judgment it would be absolutely within the district court's power to condition the voluntary dismissal on not refiling a case either in federal court or in state court. In fact the Pontenberg case of this court from 2001 said Rule 41D authorizes the district court to require the plaintiff to pay the defendant's costs of the dismissed action upon refiling of the action and it's specifically approved of the district court's imposing that condition in a Rule 41A2 context. The question then is why should it be different if no answer had been filed or no motion for summary judgment had been filed and we would respectfully submit that the answer should not be different. One possible answer is that the federal rules are more pro-plaintiff up to that point in the proceeding. In other words if you have not answered if the defendant hasn't answered or hasn't moved for summary judgment the case is quote not at issue and the plaintiff is given much more leeway to do as he or she or it wishes without necessarily a penalty but if you're going to dismiss after the defendant takes that substantive action of answering or moving for summary judgment then your options are curtailed. I'm not sure that's the answer but that's a possible answer. I don't disagree with that at a high level but I don't think that can explain why you would distinguish between refiling in federal court and refiling in state court. In both instances the federal court's time has been wasted and the party's time and energy in the first case has been wasted and it may well be again in the exercise of the district court's discretion that in a pre-answer context there is more leeway and a higher bar for the plaintiff to actually get attorney's fees and costs but I don't think it's a sensible line to draw between federal court refiling and state court refiling. That line does not exist in the 41A2 context and again from the standpoint of the purposes of the rule it doesn't that distinction shouldn't matter. The forum shopping is something to be deterred regardless of whether you're shopping from federal court to state court or from one federal district court to another. And I think that the fact, I appreciate my friend's knowledge of Florida state law and Alabama state law but what I think his own argument points out is that if rule 41D were to be interpreted in the way that they suggest there would be many instances in which a federal district court whose time has been wasted would be essentially powerless to protect itself because Florida apparently is not going to tax attorney's fees or costs for the time that was wasted in the court below and as far as I know few if any foreign courts would have a rule that's similar to rule 41D and international arbitration would be up to the arbitral panel. So if the first federal court has no ability to say look you were here for months we did all this stuff but the parties had to spend lots of time and energy and this was a pure forum shopping maneuver you should have to pay. If that's not a possibility then in a case like this there will never be any relief for a party like my client who was subject to all the fees and costs of having to deal with the first action. And lastly I would say with respect to the inherent authority point that my friend argued I think it's fair to say that if I think and well settled that if a party violates a protective order let's say long after a case has been dismissed there is still inherent authority on the part of a district court to remedy things like that and I don't think that rule 41D is fundamentally any different. It is simply saying that if you are going to voluntarily dismiss and then take your case elsewhere for the pure reason of forum shopping it is at least on the table for you to have to pay your adversaries fees and costs. If the court has no further questions thank you for the court's time.